UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wahid Makki,

    Plaintiff,

vs.                                                Case No.  06-14328
                                                    Honorable Lawrence Zatkoff

OSI Sealants, Inc., an Ohio
Corporation,

    Defendant.

-and-

Nationwide Insurance Company,
as Subrogee of Wahid Makki,

    Plaintiff,

vs.                                                Case No.  06-14329

OSI Sealants, Inc., an Ohio
Corporation,

    Defendant.
_____/

**OPINION AND ORDER**

I.  INTRODUCTION

This matter is before the Court on Defendant's Motion in Limine to limit the amount of noneconomic damages (Docket No. 28).  Plaintiffs have filed a response and Defendant has filed a reply.  The Court finds that the facts and legal arguments pertinent to Defendant's Motion are adequately presented in the parties' papers, and the decision process will not be aided by

oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Motion is DENIED.

## II. ANALYSIS

Defendant contends that there is a statutory cap on the amount of noneconomic damages in a products liability case. Defendant maintains that the cap on Wahid Makki's recovery for noneconomic damages in this case is $401,500 because he did not die or suffer a permanent loss of a vital bodily function. Mr. Makki, on the other hand, maintains that the noneconomic damages may be as high as $717,000 because he did suffer a permanent loss of a vital bodily function.

As set forth in his affidavit, Mr. Makki maintains that he suffered the following injuries:

> A. Multiple fractures to his left tibia and fibula resulting in 4-5 open reduction internal fixation surgeries which have left him with titanium plates in screws in his left leg, as well as disfiguring scars;
>
> B. Multiple fractures to his right foot, resulting in 2 open surgeries and permanent scars;
>
> C. A fractured skull resulting in open surgery and a titanium plate was utilized to rebuild the front portion of his skull.
>
> D. As a result of the fractures to his feet/legs, he claims (1) to have lost the ability to ambulate and/or walk as enjoyed prior to the accident, (2) to be unable to stand for long periods of time, (3) to need a wheel chair when extensive walking is involved, and (4) to be unable to climb steps without assistance.

The relevant statute is MCL 600.2946a(1), which provides:

> In an action for product liability, the total amount of damages for noneconomic loss shall not exceed [$401,500 for 2008], unless the defect in the product caused either the person's death or permanent

2

> loss of a vital bodily function, in which case the total amount of damages for noneconomic loss shall not exceed [$717,000 for 2008].

The key case interpreting MCL 600.2946a(1) is *Lewis v. Krogol*, 229 Mich.App. 483 (1998) (a 2-1 decision). That court held that "under [certain] circumstances, whether [Plaintiff] has lost a vital bodily function was an issue to be determined by the jury." *Id.* at 486. The court concluded that the term "vital" did not mean "necessary to life" but that the exception was restricted "to individuals who have lost bodily functions that are considered to have a high degree of importance." *Id.* at 489. In *Lewis*, the found that reasonable minds could differ, and the matter had to be resolved by the trier of fact:

> A trier of fact could reasonably conclude that walking is a vital bodily function and that Lewis "has lost" this function. Lewis testified that she is in a wheelchair "basically the whole day, other than to transfer to the couch." She can walk seventy-five to one hundred feet if she has something "to hang onto." She uses a walker when she "go[es] in and out of doors." Her legs can hold her weight for "a short time." Although she is able to walk to some extent with the aid of a walker, we believe that reasonable minds could differ regarding whether she "has lost" the ability to walk. Accordingly, the issue must be resolved by the trier of fact.

*Id.* at 490.

Defendant maintains that the instant case is both factually and legally distinguishable from the *Lewis* case. First, Defendant argues that this case is legally distinguishable based on the dissenting opinion in *Lewis*. The dissenting opinion interprets the phrase "loss of a vital bodily function" to mean the loss of a function necessary to sustain life, but the fact remains that it is the dissenting opinion and the position relied upon by Plaintiffs is the majority opinion (and has not been distinguished or overturned in any reported Michigan case). It is a well-settled principle of law that a federal court may not disregard the decisions of a state's intermediate appellate court unless it is "convinced by other persuasive data that the highest court of the state would decide otherwise."

*West v. AT & T Co.*, 311 U.S. 223, 237 (1940). In support of its contention that the dissenting view in *Lewis* accurately reflects the conclusion the Michigan Supreme Court would reach, Defendant relies on *Kreiner v. Fischer*, 471 Mich. 109 (2004). In *Kreiner*, the Michigan Supreme Court upheld the capacity of a trial court to rule on what constitutes a "serious impairment of a bodily function." As "impairment" constitutes a much broader standard than "vital bodily function," Defendant argues that the Court can rule as a matter of law that Mr. Makki has not lost a vital bodily function. The Court does not find Defendant's position tenable because (1) the *Lewis* majority clearly rejects Defendant's position, and (2) the *Kreiner* case does not involve the same terms that are at issue in here.

Defendant also argues that this case is factually distinguishable because the plaintiff in *Lewis* was confined to a wheelchair and unable to walk without the assistance of others. In this case, however, Defendant asserts that Mr. Makki is ambulatory, with a prescribed orthopedic boot and a cane. Defendant therefore argues that while Mr. Makki may be in pain and his strength and range of motion diminished, reasonable minds could not find that such problems constitute an inability to walk or the loss of a vital bodily function.

After hearing the evidence presented to the jury in this case, however, the Court concludes sufficient evidence has been admitted to call into question whether Mr. Makki has lost his ability to walk. Accordingly, the Court holds that the jury shall be instructed and shall deliberate on the issue of whether Plaintiff has sustained a permanent loss of a vital bodily function. Accordingly, Defendant's Motion in Limine is denied.

III. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Defendant's Motion in Limine to limit the amount of noneconomic damages (Docket No. 28).

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: September 23, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 23, 2008.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290