UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAHID MAKKI,

        Plaintiff,

-vs-

OSI SEALANTS, INC.,

        Defendant.

and

NATIONWIDE INSURANCE COMPANY,
as Subrogee of Wahid Makki,

        Plaintiff,

-vs-

OSI SEALANTS, INC.,

        Defendant.

_____/

Case No. 06-14328

Hon. Lawrence Zatkoff

Case No. 06-14329

Hon. Lawrence Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 2, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law on Liability (Docket #68 in Case No. 06-14328) and Defendant's Motion for Partial Judgment as a Matter of Law on Certain Damage Awards Only (Docket #67 in Case No. 06-14328). Plaintiffs

have filed a response to each Motion, and Defendant has filed a reply to each response. The Court finds that the facts and legal arguments pertinent to Defendant's Motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant's Motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion for Judgment as a Matter of Law (Docket #68) is DENIED, and Defendant's Motion for Partial Judgment as a Matter of Law on Certain Damage Awards Only (Docket #67) is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

In this action, Plaintiff Wahid Makki ("Makki") sued Defendant for failure to warn under Michigan law. Plaintiff Nationwide Insurance Company ("Nationwide") filed a subrogee claim against Defendant with respect to amounts Nationwide expended to restore Makki's home. Following a trial in September 2008, the jury returned a verdict in favor of Plaintiffs on all of their claims. As a result, the jury awarded Makki the following damages (which have been reduced by the Court for Makki's 20% comparative negligence):

| | |
|---|---|
| Past Non-economic Damages | $400,000.00 |
| Past Economic Damages | $ 93,981.98 |
| Future Medical and Health Care Costs | $ 43,571.39 |
| Future Non-economic Damages | $ 217,857.08 |
| TOTAL | $755,410.45 |

The jury also found in favor of Nationwide and awarded Nationwide $289,600.00 (after reduction

by the Court for Makki's 20% comparative negligence).

Defendant now argues that it is entitled to judgment as a matter of law with respect to liability because (1) federal safety regulations (as opposed to state law) governs Makki's state law claims, and (2) Makki did not make out a prima facie state law claim for failure to warn. Defendant also contends that Makki's medical expenses award should be stricken and Nationwide's award should be reduced.

### III.   ANALYSIS OF MOTION FOR JUDGMENT AS A MATTER OF LAW ON LIABILITY

Judgment as a matter of law must be entered for the moving party "if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in the favor of the moving party." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001).

**A.   Federal Safety Regulations**

Defendant argues that states cannot require warnings on hazardous substances other than those required under the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261 et seq, and that Defendant's warnings complied with the FHSA. In other words, Defendant contends that "the adequacy of [Defendant's] warnings was governed by federal safety regulations pursuant to the FHSA, *i.e.*, that state common law labeling standards were federally pre-empted." Defendant argues that it asserted its compliance with federal regulations at virtually every stage of litigation. In its answer to Makki's complaint, Defendant identified as an affirmative defense that "[t]he product in question was in compliance with relevant standards set forth in federal or state statutes and regulations. In the Joint Final Pretrial Order, Defendant listed the following as a relevant legal issue:

3

"The product was in compliance with relevant standards set forth in federal or state statutes and regulations."

The Court finds that the foregoing statements do not demonstrate - and did not put Plaintiffs (or the Court) on notice - that Defendant sought to have Makki's failure to warn claim pre-empted because of the FHSA. Neither the answer to the complaint nor the statement in the Joint Final Pretrial Order mentions pre-emption or even suggests that it was an issue for the Court to resolve. Moreover, Defendant's assertions of "compliance with ... federal or state law" have no correlation to, nor do they imply, pre-emption. The Court notes that Defendant did not file a pre-trial motion for summary judgment on this issue, which is clearly a legal issue for the Court to resolve.

For the foregoing reasons, the Court holds that Defendant waived a defense of federal pre-emption of the state law failure to warn claim. *See Rockwell Int'l Co. v. United States*, 549 U.S. 457, 474 (2007) ("claims, issues, defenses or theories of damages not included in the pretrial order are waived"); *Ghandi v. Detroit Police Dept.*, 823 F.2d 959, 962-63 (6th Cir. 1987) ("an attempt to pursue any issue not listed in the [pretrial] order may be rejected by the Court."). Accordingly, Defendant's Motion is denied insofar as it relies on a federal pre-emption argument.

**B.      Statutory Presumption of Non-liability**

Defendant contends that Michigan product liability law presumes non-liability where a product is governmentally regulated and Defendant complies with the applicable standards. M.C.L. § 600.2946(4) provides:

> In a product liability action brought against a manufacturer or seller for harm allegedly caused by a product, there is a rebuttable presumption that the manufacturer or seller is not liable if, at the time the specific unit of the product was sold or delivered to the initial purchaser or user, the aspect of the product that allegedly caused the harm was in compliance with standards relevant to the event causing

>the death or injury set forth in a federal or state statute or was approved by, or was in compliance with regulations or standards relevant to the event causing the death or injury promulgated by, a federal or state agency responsible for reviewing the safety of the product.

In fact, the Court instructed the jury as such, word for word, at the close of the parties' cases, and the jury concluded that Defendant was liable for failure to warn. The jury's conclusion meant one of two things, either (a) Defendant did not convince the jury that its product was in compliance with applicable standards, or (b) even if the jury was persuaded that the product was in compliance with applicable standards, the jury also concluded that Makki rebutted the presumption of non-liability. Based on the evidence presented at trial, the Court cannot conclude as a matter of law that either conclusion was erroneous. Accordingly, the Court denies Defendant's Motion to the extent it relies on a statutory presumption of non-liability.

**C.     Prima Facie Case**

Defendant argues that Makki failed to make out a prima facie case of product liability for failure to warn under Michigan law. More specifically, Defendant contends that Makki's claims failed because there is no duty to give specific warnings and because Makki's causation theory is pure speculation.

*1.     Specific Warnings*

M.C.L. § 600.2948(2) provides:

>A defendant is not liable for failure to warn of a material risk that is or should be obvious to a reasonably prudent product user or a material risk that is or should be a matter of common knowledge to persons in the same or similar position as the person upon whose injury or death the claim is based in a product liability action.

In other words, a manufacturer has no duty to warn of material risks if those risks are obvious and

5

apparent to the reasonable product user. *Greene v. A.P. Products, Ltd.*, 475 Mich. 502 (2006).

Defendant maintains that this Court should conclude, as a matter of law, that Defendant had no duty to specifically instruct users about the migration of vapors, methods of ventilation and the need to turn off pilot lights when the Defendant's label said "DANGER!" and "EXTREMELY FLAMMABLE" and consumers were instructed to

      a.      "Use with adequate ventilation"

      b.      "Prevent build up of vapors"

      c.      "Vapors may cause flash fires"

      d.      "Use only in areas with cross ventilation"

      e.      "Keep away from heat, sparks, and open flames."

Makki admitted that he read these instructions (twice) and understood them. This is consistent with Makki's position throughout the trial, *i.e.,* that the danger of explosion from use of the Defendant's product was not and should not have been obvious to Makki. As an eight-person jury reached the conclusion that the warnings on Defendant's product were inadequate to warn Makki, this Court will not conclude that the warnings were adequate to warn a reasonably prudent product user of any material risk(s) that were obvious.

      *2.      Causation*

Defendant argues that Makki failed to prove that the pilot light, more probably than not, caused the fire. As such, Defendant contends that Makki failed to support his claims of failure to warn with evidence that the appropriate warning would have altered Makki's conduct in a way that would have prevented injury. *Mascarenas v. Union Carbide Corp.*, 196 Mich.App. 240, 251 (1992) (citation omitted). Plaintiff's cause and origin expert, Patrick Phelan ("Phelan"), testified that it was

impossible to say what ignited the vapors and indicated that it could be the result of vapor migration, ventilation and/or pilot lights. Mr. Phelan did testify, however, that it was clearly Defendant's product that supplied the fuel for the explosion and that Defendant's warnings/instructions were deficient with respect to ignition, whether it was as the result of ignition attributable to a pilot light, vapor migration and/or ventilation.  Accordingly, the Court concludes that jury was presented with evidence that would allow it to determine that Defendant's failure to warn was the cause of the explosion.

*3.     Conclusion*

For the foregoing reasons, the Court concludes that Makki established a prima facie case for failure to warn and denies Defendant's Motion to the extent that it asserts that Makki did not establish a prima facie case.

**IV.     ANALYSIS REGARDING MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW ON CERTAIN DAMAGE AWARDS ONLY**

**A.     Nationwide Award**

James Smith ("Smith"), the Nationwide claims adjuster who testified at trial, stated that Nationwide does not pay expenses unless they are necessary and that Nationwide paid approximately $362,000 to satisfy the claim submitted by Makki to Nationwide.  Defendant argues that the $362,000 jury award in property damages to Nationwide was not supported by legally sufficient, admissible evidence.  The only testimony regarding this claim was made by Smith, who lacked personal knowledge of most of the amounts paid on the claim.  As such, Defendant contends that no testimony regarding Nationwide's damages was provided by a witness who personally knew the facts upon which he was testifying.

The Court agrees that Smith had little personal knowledge of the amounts paid out by Nationwide to Makki (a fact which Smith admitted at trial). As testimony must be founded on facts personally known to the witness and damages testimony must be adequately detailed, the Court concludes that Smith's testimony was not sufficient to support an award of $362,000 to Nationwide. Fed.R.Evid. 602; *Inwalle v. Reliance Med. Prods.*, 515 F.3d 531, 543 (6th Cir. 2008); *United States v. Franklin*, 415 F.3d 537, 549 (6th Cir. 2005).

The Court notes, however, that the parties stipulated to the admission of Exhibit No. 219, Nationwide's Activity Logs. The Court finds that the content of the Activity Logs contains evidence that would allow a reasonable jury to conclude that Nationwide paid, in the aggregate, $329,204.45 on the policy as a direct result of the explosion at Makki's home. Therefore, the Court shall reduce the jury's award of $362,000 to $329,204.45. After taking into account Makki's 20% comparative negligence, the Court concludes that Nationwide is entitled to $263,363.60.

**B.     Medical Expenses**

Defendant contends that the jury's award of $117,000 for Plaintiff's claimed medical expenses was not supported by "legally-sufficient competent evidence." More specifically, Defendant argues that the Court erroneously admitted medical bills that lacked foundation, constituted hearsay and were not authenticated. As the Court ruled at trial, the documents Defendant contested (Exhibits 228 and 231) were bills received by Plaintiff from treating hospitals on the day of, and the days following, the explosion at his home. Defendant had the opportunity to cross-examine with respect to these exhibits and contest them in any manner it deemed appropriate. Accordingly, the Court denies Defendant's motion insofar as it seeks to overturn the $117,000 jury

8

award for medical expenses.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion for Judgment as Matter of Law (Docket #68) is DENIED and Defendant's Motion for Partial Judgment as a Matter of Law on Certain Damage Awards Only (Docket #67) is GRANTED IN PART and DENIED IN PART. The Judgment shall be amended accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 2, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290